FILED
OCT 1 0 2006
U.S COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JERRY C. OLDSHUE and ISABEL B. OLDSHUE §
§
§
Plaintiffs, §
v. § CIVIL NO. 06-696 T
§
§
UNITED STATES OF AMERICA §
§
Defendant. §

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Jerry C. Oldshue and Isabel B. Oldshue ("Plaintiffs"or the "Oldshues") are citizens of the United States of America whose address is 929 Pin Brook Ln., Tuscaloosa, AL, 35406.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1985)

5. Jerry C. Oldshue and Isabel B. Oldshue filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7622 and XXX-XX-5045, repsectively.

6. For 1985, Jerry C. Oldshue was a limited partner in Dixie Ventures - 1985 ("DV85"), a California limited partnership.

7. DV85 timely filed its 1985 Form 1065, partnership tax return.

8. A dispute arose between the IRS and DV85 as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

9. The Olshues and the IRS entered into a settlement agreement with respect to those partnership items.

10. On March 9,1998, the IRS assessed tax liability of $9,339.00 against the Oldshues for 1985. The IRS also assessed interest and §6621(c) penalty interest of $25,843.81.00 against the Oldshues for 1985.

11. On April 6, 1998, the Oldshues made a payment of $35,182.81 to their 1985 tax account.

12. On April 5, 2000, the Oldshues filed with the IRS a claim for refund of $9,339.00 of tax and $25,843.81 for interest and §6621(c) penalty interest assessed and paid for 1985.

13. As grounds for recovery, the Oldshues restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Plaintiffs after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by Plaintiffs and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by Plaintiffs such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the settlements reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States,* 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury

Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date

when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

WHEREFORE, Plaintiffs Jerry C. Oldshue and Isabel B. Oldshue pray for judgment against the Defendant the United States of America in the amount of $35,182.81, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)

Form **1040X** (Rev. November 1999)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1985 **, OR fiscal year ended ▶**

Please print or type

| | | |
|---|---|---|
| Your first name and initial: JERRY C. | Last name: OLDSHUE | Your social security number: [redacted]7622 |
| If a joint return, spouse's first name and initial: ISABEL B. | Last name: OLDSHUE | Spouse's social security number: [redacted]5045 |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 10 FOREST LAKE DR. | Apt. no. | Telephone number (optional) |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: TUSCALOOSA, AL 35401 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| Income and Deductions (see pages 2 - 5) | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C ______ | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | 14,771.00 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 14,771.00 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 14,771.00 |

**Refund or Amount You Owe**

| | Line | Amount |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | N/A |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | N/A |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | N/A |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | 9,339.00 |
| 24 Amount of line 22 you want **APPLIED TO YOUR ESTIMATED TAX** | 24 | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Jerry C. Oldshue By Thomas C Redding atty-in-fact — Your signature — Date 4/5/00

▶ Isabel B Oldshue By Thomas C Redding atty-in-fact — Spouse's signature. If a joint return, BOTH must sign. — Date 4/5/00

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed [ ] | Preparer's SSN or PTIN

Firm's name (or yours if self-employed) and address ▶ | EIN | ZIP code

ISA
STF FED3171F.1

FILE

## Part I Exemptions. See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . . **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you . . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . | 27 | | | |
| 28 | Other dependents . . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 1999 | $2,750 | $94,975 |
| 1998 | 2,700 | 93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note.** For tax years after 1997, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.

| (a) First name | Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|---|
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |

No. of your children on line 31 who:
- lived with you . . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

## Part II Explanation of Changes to Income, Deductions, and Credits

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . ▶ ☐

See Explanation attached

## Part III Presidential Election Campaign Fund. Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . ▶ ☐



STF FED3171F.2

**EXPLANATION - 1985 REFUND CLAIM AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Dixie Ventures-85 partnership (referred to in this explanation as "the Partnership") for 1985 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

3. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

4. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the

taxpayers and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into, such agreement provided solely for certain specific adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

5. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

6. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of I.R.C. §6221(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6221(c) or the regulations thereunder as a tax motivated transaction.

7. The recomputation of interest takes into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

8. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' criminal investigation of Mr. Behrens and Mr. Wright and ending with the termination of the criminal investigation. The suspension of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from March 21, 1989 to April 1, 1993, based on the dates the IRS invaded the general partner's office and served criminal subpoenas to the date the general partners were notified of the abandonment of the criminal investigation. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the

tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against the IRS' eventually asserted adjustments to partnership items, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(b) Second, interest should be abated for the period beginning with a date 45 days after the acceptance by the IRS of the settlement offer and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

9. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1987 and later years as a result of changes to affected items of the taxpayer(s) resulting from the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15,1988 until the date of payment of the tax sought to be refunded under this claim. Overpayments occurred in each year from 1987 to 1994 due to over reporting of §§441/447 recapture. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

Exhibits:

A - Evidence of settlement
B - Evidence of tax assessment and payment

amcor

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Jerry C. & Isabel B. Oldshue<br>10 Forest Lake Dr.<br>Tuscaloosa, AL 35401 | [redacted]7622<br>[redacted]5045 | |
| | Daytime telephone number<br>(205) 349-1641 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>515 Post Oak Boulevard, Suite 500<br>Houston, Texas 77027-9408-150 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>Sallie W. Gladney<br>515 Post Oak Boulevard, Suite 500<br>Houston, Texas 77027-9408-150 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, and 1997. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here ________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ ~~Thomas E. Redding~~

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**



ISA
STF FED4875F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . ▶ ☑

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . ▶ ☐
YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

✓ Jerry C Oldshue [signature] — Signature | Feb 2 1999 — Date | Title (if applicable)

✓ JERRY C OldShUE — Print Name

Isabel B. Oldshue [signature] — Signature | 2-2-99 — Date | Title (if applicable)

Isabel B. Oldshue — Print Name

## Part II Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | 4/17/99 |
| A | Texas | [signature] Sallie W. Gladney | 4-17-99 |
| | | | |

FORM 870-P(AD)(5-88) DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
SETTLEMENT AGREEMENT
FOR PARTNERSHIP ADJUSTMENTS

DATE: 12-20-96

IN REPLY REFER TO:
MS 4550
122096-0506

| TAXPAYER(S) NAME(S) AND ADDRESS | NAME OF PARTNERSHIP | |
|---|---|---|
| JERRY C & ISABEL B OLDSHUE | DIXIE VENTURE-1985 | ADDRESS: |
| ~~JAMES P JOSEPH~~ | | 52300 ENTERPRISE WAY |
| ~~1200 NEW HAMPSHIRE AVE~~ 10 FOREST LAKE DRIVE | TIN: 33-0099818 | COACHELLA, CA 92236 |
| ~~WASHINGTON DC 20036~~ TUSCALOOSA, AL 35401 | | |
| TIN: [redacted]7622 | TAX YEAR ENDED: 1985 | |

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

| | |
|---|---|
| SIGNATURE OF TAXPAYER ✓ Jerry C Oldshue | DATE 9/15/97 |
| SIGNATURE OF TAXPAYER ✓ Isabel B. Oldshue | DATE 9/15/97 |
| BY (SIGNATURE AND TITLE) | DATE |

RECEIVED SEP 29 1997

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH THE SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO YOU PLUS INTEREST AS PROVIDED BY LAW. IF THE RESULT IS A DECREASE IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST AS PROVIDED BY LAW.

| FOR INTERNAL REVENUE USE ONLY | DATE ACCEPTED FOR COMMISSIONER | SIGNATURE |
|---|---|---|
| | JAN 05 1998 | |
| | SALT LAKE CITY APPEALS OFFICE | TITLE Associate Chief |

CONSISTENT AGREEMENT

FORM 870-P(AD)(5-88)

1985 Exhibit A. P.1

Department of the Treasury - Internal Revenue Service

# Income Tax Examination Changes

| Address of Taxpayer | Social Security or Employer Identification Number | Return Form No. |
|---|---|---|
| ERRY C & ISABEL B OLDSHUE<br>10 FOREST LAKE DRIVE<br>TUSCALOOSA, AL 35401-3652 | [redacted]7622 | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to income | Year End: 12/31/85 | Year End: | Year End: |
|---|---|---|---|
| A. DIXIE VENTURE-1985, 33-0099818 | $ | $ | $ |
| B. ORDINARY INCOME (LOSS) | 27,205 | | |
| C. CAPITAL GAINS AND LOSSES | -1 | | |
| D. ITEMIZED DEDUCTIONS | 253 | | |
| E. CORRECTION TO TAXABLE INCOME | -1 | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| T. | | | |
| 2. Total adjustments | 27,456 | | |
| 3. Taxable income per return or as previously adjusted | 31,256 | | |
| 4. Corrected taxable income | 58,712 | | |
| Tax Method | Tax Rate Schedule | | |
| Filing Status | Joint | | |
| 5. Tax | 14,368 | | |
| 6. Additional taxes | 0 | | |
| 7. Corrected tax liability | 14,368 | | |
| 8. Less Credits A. CHILD & DEPENDENT CARE | 374 | | |
| B. GENERAL BUSINESS CREDIT | 3,896 | | |
| C. | | | |
| D. | | | |
| 9. Balance (line 7 less total of lines 8A thru 8D) | 10,098 | | |
| 10. Plus Other Taxes A. SELF-EMPLOYMENT TAX | 4,673 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total corrected tax liability (line 9 + lines 10A - 10D) | 14,771 | | |
| 12. Total tax shown on return or as previously adjusted | 5,432 | | |
| 13. Adjustment to A. Earned Income Credit | 0 | | |
| B. Special Fuels Credit | 0 | | |
| 14. Deficiency -Increase in tax or (Overassessment -Decrease in tax) (line 11 less line 12 adjusted by line 13) | 9,339 | | |
| 15. Adjustment to prepayment credits | 0 | | |
| 16. Balance due or Overpayment (line 14 adjusted by line 15) (excluding interest and penalties) | $ 9,339 | $ | $ |

Exhibit A, p. 2

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

PPID 7640814086 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
AGE NO-0001

IRS EMPLOYEE 7640814086

ATE REQUESTED 04-28-1999

PRINT DATE 04-29-1999

ORM NUMBER: 1040

TAX PERIOD: DEC 1985

TAXPAYER IDENTIFICATION NUMBER: [redacted]-7622
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]5045

JERRY C & ISABEL B OLDSHUE
10 FOREST LAKE DR
TUSCALOOSA AL 35401-3652-100

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 05-10-1999 |
| ACCRUED PENALTY: | 0.00 | AS OF 05-10-1999 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

* EXEMPTIONS: 03 **FILING STATUS: MARRIED FILING JOINT
* ADJUSTED GROSS INCOME: 72,340.40
* TAXABLE INCOME: 58,711.75
TAX PER RETURN: 5,431.90 N. AMERICAN IND. CLASS SYS CD: 009217
* SE TAXABLE INCOME TAXPAYER: 0.00
* SE TAXABLE INCOME SPOUSE: 39,600.00
* TOTAL SELF EMPLOYMENT TAX: 4,673.00

* PER RETURN OR AS ADJUSTED

04-15-1986 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
05-26-1986 PROCESSING DATE

TRANSACTIONS

| ODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED | 05-26-1986 | 5,431.90 |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1986 | 2,950.45- |
| 430 | ESTIMATED TAX DECLARATION | 09-20-1985 | 1,250.00- |
| 430 | ESTIMATED TAX DECLARATION | 01-21-1986 | 1,250.00- |
| 846 | REFUND OF OVERPAYMENT | 06-09-1986 | 18.55 |
| 960 | RECEIVED POA/TIA | 08-04-1990 | |
| 961 | REMOVED POA/TIA | 01-14-1991 | |
| 960 | RECEIVED POA/TIA | 01-13-1992 | |
| 961 | REMOVED POA/TIA | 04-12-1996 | |
| 340 | INTEREST ASSESSMENT | 03-09-1998 | 25,843.81 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 03-09-1998 | 9,339.00 |
| 670 | SUBSEQUENT PAYMENT | 04-06-1998 | 35,182.81- |

1985 Exhibit B

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see* **General Instructions**).

Please type or print

Name of claimant: Jerry C and Isabel B. Oldshue

Your social security number: [redacted]-7622

Address (number, street, and room or suite no.): 10 Forest Lake Dr.

Spouse's social security number: [redacted]-5045

City or town, state, and ZIP code: Tuscaloosa Al 35401

Employer identification number

Name and address shown on return if different from above: 98 Woodridge Tuscaloosa AL 35406

Daytime telephone number

1 Period — prepare a separate Form 843 for each tax period From 1/1/85, 19 , to 12/31/85, 19

2 Amount to be refunded or abated $ 25,843.81

3a Type of tax, penalty, or addition to tax:

☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)

☒ Penalty — IRC section ▶ 6621(c) Penalty Interest

b Type of return filed (see instructions):

☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:

☒ Interest caused by IRS errors or delays (if applicable — see instructions).

☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ 4/6/98

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

See Explanation attached

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Jerry C. Oldshue By Thomas C. Rudberg, atty-in-Fact — Date: 4/5/00

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Isabel B. Oldshue By Thomas C. Rudberg, atty-in-Fact — Date: 4/5/00

Signature

For Paperwork Reduction Act Notice, see separate instructions.

ISA

STF FED1524F

FILE

Form **843** (Rev. 1-97)

**EXPLANATION - 1985 REFUND CLAIM AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Dixie Ventures-85 partnership (referred to in this explanation as "the Partnership") for 1985 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

3. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

4. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the

taxpayers and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into, such agreement provided solely for certain specific adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

5. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

6. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of I.R.C. §6221(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6221(c) or the regulations thereunder as a tax motivated transaction.

7. The recomputation of interest takes into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

8. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' criminal investigation of Mr. Behrens and Mr. Wright and ending with the termination of the criminal investigation. The suspension of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from March 21, 1989 to April 1, 1993, based on the dates the IRS invaded the general partner's office and served criminal subpoenas to the date the general partners were notified of the abandonment of the criminal investigation. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the

tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against the IRS' eventually asserted adjustments to partnership items, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(b) Second, interest should be abated for the period beginning with a date 45 days after the acceptance by the IRS of the settlement offer and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

9. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1987 and later years as a result of changes to affected items of the taxpayer(s) resulting from the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15,1988 until the date of payment of the tax sought to be refunded under this claim. Overpayments occurred in each year from 1987 to 1994 due to over reporting of §§441/447 recapture. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

Exhibits:

A - Evidence of settlement

B - Evidence of tax assessment and payment

amcor

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name ______
Telephone ______
Function ______
Date ______

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Jerry C. & Isabel B. Oldshue<br>10 Forest Lake Dr.<br>Tuscaloosa, AL 35401 | [redacted]7622<br>[redacted]5045 | |
| | Daytime telephone number<br>(205) 349-1641 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>515 Post Oak Boulevard, Suite 500<br>Houston, Texas 77027-9408-150 | CAF No. ______<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>515 Post Oak Boulevard, Suite 500<br>Houston, Texas 77027-9408-150 | CAF No. ______<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| | CAF No. ______<br>Telephone No. ______<br>Fax No. ______<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1983, 1984, |
| | | 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, |
| | | 1993, 1994, 1995, 1996, and 1997. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here ______ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ ~~Thomas E. Redding~~

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**



ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☑

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

✓ Jerry C Oldshue (signature) — Signature — Feb 2 1999 — Date — Title (if applicable)

✓ JERRY C OldShUE — Print Name

Isabel B. Oldshue (signature) — Signature — 2-2-99 — Date — Title (if applicable)

Isabel B. Oldshue — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 4/17/99 |
| A | Texas | (signature) Sallie W. Gladney | 4-17-99 |
| | | | |

FORM 870-P(AD)(5-88) DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
SETTLEMENT AGREEMENT
FOR PARTNERSHIP ADJUSTMENTS

DATE: 12-20-96

IN REPLY REFER TO:
MS 4550
122096-0506

| TAXPAYER(S) NAME(S) AND ADDRESS | NAME OF PARTNERSHIP | |
|---|---|---|
| JERRY C & ISABEL B OLDSHUE | DIXIE VENTURE-1985 | *Address:* |
| ~~JAMES P JOSEPH~~ | | *52300 Enterprise Way* |
| ~~1200 NEW HAMPSHIRE AVE~~ *10 Forest Lake Drive* | TIN: 33-0099818 | *Coachella, CA 92236* |
| ~~WASHINGTON DC 20036~~ *Tuscaloosa, AL 35401* | | |
| TIN: [redacted]7622 | TAX YEAR ENDED: 1985 | |

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

SIGNATURE OF TAXPAYER *Jerry C. Oldshue* DATE *9/15/97*

RECEIVED SEP 23 1997

SIGNATURE OF TAXPAYER *Isabel B. Oldshue* DATE *9/15/97*

BY (SIGNATURE AND TITLE) DATE

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH THE SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO YOU PLUS INTEREST AS PROVIDED BY LAW. IF THE RESULT IS A DECREASE IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST AS PROVIDED BY LAW.

FOR INTERNAL REVENUE USE ONLY

DATE ACCEPTED FOR COMMISSIONER JAN 05 1998 SALT LAKE CITY APPEALS OFFICE

SIGNATURE *[signature]*

TITLE Associate Chief

CONSISTENT

FORM 870-P(AD)(5-88)

*1985 Exhibit A, p. 1*

Department of the Treasury - Internal Revenue Service

# Income Tax Examination Changes

| Address of Taxpayer | Social Security or Employer Identification Number | Return Form No. |
|---|---|---|
| JERRY C & ISABEL B OLDSHUE<br>10 FOREST LAKE DRIVE<br>TUSCALOOSA, AL 35401-3652 | [redacted]7622 | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to income | Year End: 12/31/85 | Year End: | Year End: |
|---|---|---|---|
| A. DIXIE VENTURE-1985, 33-0099818 | $ | $ | $ |
| B. ORDINARY INCOME (LOSS) | 27,205 | | |
| C. CAPITAL GAINS AND LOSSES | -1 | | |
| D. ITEMIZED DEDUCTIONS | 253 | | |
| E. CORRECTION TO TAXABLE INCOME | -1 | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| T. | | | |
| 2. Total adjustments | 27,456 | | |
| 3. Taxable income per return or as previously adjusted | 31,256 | | |
| 4. Corrected taxable income | 58,712 | | |
| Tax Method | Tax Rate Schedule | | |
| Filing Status | Joint | | |
| 5. Tax | 14,368 | | |
| 6. Additional taxes | 0 | | |
| 7. Corrected tax liability | 14,368 | | |
| 8. Less Credits A. CHILD & DEPENDENT CARE | 374 | | |
| B. GENERAL BUSINESS CREDIT | 3,896 | | |
| C. | | | |
| D. | | | |
| 9. Balance (line 7 less total of lines 8A thru 8D) | 10,098 | | |
| 10. Plus Other Taxes A. SELF-EMPLOYMENT TAX | 4,673 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total corrected tax liability (line 9 + lines 10A - 10D) | 14,771 | | |
| 12. Total tax shown on return or as previously adjusted | 5,432 | | |
| 13. Adjustment to A. Earned Income Credit | 0 | | |
| B. Special Fuels Credit | 0 | | |
| 14. Deficiency -Increase in tax or (Overassessment -Decrease in tax) (line 11 less line 12 adjusted by line 13) | 9,339 | | |
| 15. Adjustment to prepayment credits | 0 | | |
| 16. Balance due or Overpayment (line 14 adjusted by line 15) (excluding interest and penalties) | $ 9,339 | $ | $ |

Exhibit A, P. 2

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

PPID 7640814086 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
AGE NO-0001

IRS EMPLOYEE 7640814086

ATE REQUESTED 04-28-1999

PRINT DATE 04-29-1999

DRM NUMBER: 1040

TAX PERIOD: DEC 1985

TAXPAYER IDENTIFICATION NUMBER: [redacted]-7622
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]-5045

JERRY C & ISABEL B OLDSHUE
10 FOREST LAKE DR
TUSCALOOSA AL 35401-3652-100

-- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 05-10-1999 |
| ACCRUED PENALTY: | 0.00 | AS OF 05-10-1999 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

* EXEMPTIONS: 03 **FILING STATUS: MARRIED FILING JOINT
* ADJUSTED GROSS INCOME: 72,340.40
* TAXABLE INCOME: 58,711.75
TAX PER RETURN: 5,431.90 N. AMERICAN IND. CLASS SYS CD: 009217
* SE TAXABLE INCOME TAXPAYER: 0.00
* SE TAXABLE INCOME SPOUSE: 39,600.00
* TOTAL SELF EMPLOYMENT TAX: 4,673.00

* PER RETURN OR AS ADJUSTED

4-15-1986 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
5-26-1986 PROCESSING DATE

TRANSACTIONS

| ODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED | 05-26-1986 | 5,431.90 |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1986 | 2,950.45- |
| 430 | ESTIMATED TAX DECLARATION | 09-20-1985 | 1,250.00- |
| 430 | ESTIMATED TAX DECLARATION | 01-21-1986 | 1,250.00- |
| 846 | REFUND OF OVERPAYMENT | 06-09-1986 | 18.55 |
| 960 | RECEIVED POA/TIA | 08-04-1990 | |
| 961 | REMOVED POA/TIA | 01-14-1991 | |
| 960 | RECEIVED POA/TIA | 01-13-1992 | |
| 961 | REMOVED POA/TIA | 04-12-1996 | |
| 340 | INTEREST ASSESSMENT | 03-09-1998 | 25,843.81 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 03-09-1998 | 9,339.00 |
| 670 | SUBSEQUENT PAYMENT | 04-06-1998 | 35,182.81- |

1985 Exhibit B